[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 14 JUNE 1996 DATE OF APPLICATION: 14 JUNE 1996 DATE OF APPLICATION FILED: 14 JUNE 1996 DATE OF DECISION: 29 JANUARY 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport.
Docket Number CR95-109215.
Jonathan DeMirjian, Esq. For the Petitioner
John Smirga, Esq. For the State of Connecticut
SENTENCE AFFIRMED
 BY THE DIVISION
After a trial by a jury the Petitioner was convicted of Murder in violation of Conn. General Statute 53a-54c; Conspiracy to Commit Murder in violation of Conn. General Statute 53a-48; 53a-54c and Larceny First in violation of Conn. General Statute 53a-122. The trial court imposed a sentence of 60 years to serve on the murder and concurrent sentences of 10 years to serve on the two other counts for a total effective sentence of 60 years.
FACTS:
On April 8, 1994 Bridgeport Police responded to a shooting at 331 Stratford Avenue. They found a 21 year old male victim, Gordo, sitting in the front driver's seat unconscious and shot several times. He was pronounced dead due to gunshot wounds to his left side. Numerous .380 CT Page 2308 caliber shell casings were found at the scene.
A witness stated that just as he was about to enter a grocery store he saw a brown car drive up to the parked car. A black male exited the car and shot the victim. The witness then dropped to the ground for his own safety and had no further information. Other witnesses heard shots and when they looked they saw a black male shooting the victim. The male then shot in their direction before fleeing the scene in a brown or orange van. Ronald Pettway had accompanied the victim, but left the car to get a soda. He too heard the shots and fell to the ground, but did see an orange colored van leave the scene.
On April 9, 1994 Bridgeport Police found a stolen van that had been covered with brown primer paint containing several 9mm and .380 caliber shell casings. The wounds on the victim also came from both 9mm. and .380 caliber weapons.
Information eventually revealed that the Petitioner had been expelled from the Latin Kings for breaking rules. He made inquiries as to how he could regain his colors and was told that he could reenter by killing either Luis Rodriguez or Angel Soto a/k/a Gordo, the victim. Edwardo Ortiz assisted the Petitioner in ascertaining the information and pointing out the victim. The Petitioner admitted the shooting to a high ranking gang member who returned his colors.
At the hearing counsel for the Petitioner argued that the sentence imposed was disproportionate claiming that the sentencing court did not look beyond the issue that the Petitioner was a gang member of the Latin Kings. Counsel felt that the Petitioner should have been given more credit in that he was a victim himself. Claiming that a 35 to 45 year sentence would have been proportional to the crime he asked the panel to reduce the sentence imposed.
The attorney for the state claimed the act of murder was an assassination. The Petitioner had to kill the victim in order to get back in the good graces of the gang. Counsel felt no mitigation was presented on behalf of the Petitioner and noting the context of the murder the sentence imposed was proportional. He asked for an affirmance.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." CT Page 2309
The Division is without authority to modify a sentences except in accordance with the accordance with the provisions of Connecticut Practice Book § 43-28 et seq., and Connecticut General Statute §51-94 et seq.
In reviewing the actions of the Petitioner in this senseless and vicious murder, we find an assassination based upon reasons so seriously flawed that the sentence imposed for a crime of this magnitude was within statutory parameters.
THE SENTENCE IS AFFIRMED.
 ___________________, J. Norko
 ___________________, J. Klaczak
 ___________________, J. Miano
Norko, J., Klaczak, J. and Miano, J. participated in this decision.